IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY HIRAM BUCKELEW, | : | |
| Petitioner | : | |
| VS. | : | 1 : 06-CV-42 (WLS) |
| RALPH KEMP, Warden, | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on March 21, 2006.

Pursuant to the AEDPA, which became effective on April 24, 1996 and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner pled guilty to kidnaping, theft by taking, armed robbery, and possession of marijuana in the Superior Court of Sumter County in 1992. He did not pursue a direct appeal, but

filed a petition for habeas corpus in the Superior Court of Ware County on January 9, 2004. This petition was denied by the state habeas court in January 2005. The petitioner filed this federal habeas petition on March 21, 2006.

In Wilcox v. Florida Dep't. of Corrections, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996. Thus, these prisoners, such as the petitioner herein, were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction. See also, Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998). When this one-year grace period is applied to the facts herein it is clear that the petitioner failed to file this federal habeas petition in a timely manner.

The court notes that the tolling provision of § 2244(d)(2) does not protect the petitioner herein. The petitioner's state habeas petition, filed January 9, 2004, did not toll the one-year statute of limitations, inasmuch as it was filed after the running of the one-year grace period on April 23, 1997. See, e.g., Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); Morris v. Hargett, 1998 WL 856144 (10th Cir. (Okla.)). Additionally, although the petitioner alleges that the absence of a guilty plea transcript was an impediment to the filing of this and other petitions, the respondent points out that the petitioner filed both his state and federal habeas petitions without such a transcript, albeit far outside the limitations period(s). Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may be tolled during the time that a state-created unconstitutional impediment prevents the petitioner from filing a petition. If, as the petitioner asserts, the State somehow prevented him from obtaining his guilty plea transcript, the State did not create an impediment of constitutional magnitude, inasmuch as there is no constitutional right to a trial transcript for collateral attacks or appeals. United States v. MacCollom, 96 S. Ct. 2086 (1976).

To the extent that the petitioner argues that he is entitled to equitable tolling of the limitations period, "[s]ection 2244 permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)). Petitioner clearly pursued other avenues of post-conviction relief without the transcript(s), and he has offered no explanation as to why the transcript(s) were necessary prior to the filing of his state habeas petition. Thus, the petitioner has failed to show that his untimely filing of this federal petition was due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence". "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Dep't. of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of January, 2007.

      /s/ ***Richard L. Hodge***
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE