# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| GREGORY HIRAM BUCKELEW, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> JAMES E. DONALD, : <br> : <br> Defendant : <br> : | 1:06-cv-42 (WLS) |

## **ORDER**

Before the Court is a Recommendation from United States Magistrate Richard L. Hodge filed on January 5, 2007. (Doc. 24). It is recommended that Defendant's Motion to Dismiss (Doc. 12) be granted. *Id*. Plaintiff filed a timely objection to the Report and Recommendation on January 22, 2007. (Doc. 25).

In the Recommendation, it was found that Plaintiff filed this habeas petition after the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), 28 U.S.C. § 2241, *et. seq*. (Doc. 24). More specifically, it was found that Plaintiff pled guilty to kidnaping, theft by taking, armed robbery, and possession of marijuana in the Superior Court of Sumter County, Georgia in 1992. *Id*. It was further found that Plaintiff did not pursue a direct appeal, but filed a habeas corpus petition in the Superior Court of Ware County, Georgia on January 9, 2004; the same which was denied in January 2005. *Id*. Plaintiff filed this habeas petition on March 21, 2006. *Id*.

Upon review, it was found that neither the one-year grace period alloted to prisoners whose convictions became final before April 24, 1996 nor the tolling provisions of Section 2244(d)(2) apply to the facts of this case. *Id*. It was also found that the State did not create an impediment of constitutional magnitude, which could give rise to Section 2244(d)(1) tolling. *Id*. In conclusion it was found that Plaintiff failed to show that his untimely filing of this habeas petition was due to "'extraordinary circumstances that are both beyond his control and unavoidable even with diligence'" as required to enjoy the benefit of equitable tolling. It is therefore recommended that Defendant's Motion to Dismiss (Doc. 12) be granted.

1

In his objection, Plaintiff reasserts claims made in his Complaint and in his response briefs to the instant Motion respecting the existence of proof of his 1992 guilty plea, the same which were considered by the Magistrate Judge in his Report and Recommendation. (Doc. 26; *see also* Docs. 1, 18, 20). Notably, Plaintiff does not address findings in the Recommendation regarding the timeliness of this habeas petition. (*See* Doc. 26). Having found that Plaintiff's objection consists of matters already addressed in the Report and Recommendation, the Court finds that Plaintiff's objection should be, and therefore is, overruled.

Upon review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 24) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Accordingly, Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.[1]

**SO ORDERED**, this  1st  day of February, 2007.

    /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] In light of the foregoing adoption of the Report and Recommendation in favor of granting Defendant's Motion to Dismiss, there remains no case for which to appoint counsel. Plaintiff's Motion to Appoint Counsel (Doc. 26) is therefore **DENIED AS MOOT**.